ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| YARI ESTHER ROBLES CARRASQUILLO<br><br>PETICIONARIA<br><br>v.<br><br>HÉCTOR MANUEL CORTÉS SANTOS<br><br>RECURRIDO | KLCE202300389 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2021RF00892<br><br>Sobre:  Divorcio-Ruptura Irreparable |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nosotros Yari E. Robles Carrasquillo (peticionaria) a través del presente recurso de *certiorari* y nos solicita que revoquemos la *Resolución y orden sobre consignación de fondos a nombre de las menores*, emitida por Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) el 11 de enero de 2023, notificada el 12 del mismo mes y año.[1]

Adelantamos que, por los fundamentos que exponemos a continuación denegamos expedir el auto de *certiorari*.

**I**

El 27 de junio de 2022, la peticionaria y madre de las menores, P.C.R. y F.C.R., instó ante el TPI la *Moción solicitando orden y protección de los fondos pertenecientes a las menores producto de regalías y donaciones a estas.*[2] En esencia, la peticionaria solicitó una orden del Tribunal para proteger los fondos depositados en las cuentas bancarias, pertenecientes a las menores. Lo anterior, ya que –según surge de sus alegaciones– el demandado y padre de las menores, como único

---

[1] Apéndice del recurso, pág. 20.
[2] Apéndice del recurso, pág. 64.

Número Identificador
RES2023_____

administrador en dos de las cuentas bancarias, desea cerrarlas y dividir el dinero entre él y la peticionaria. Inmediatamente, el Tribunal de Primera Instancia emitió una *Orden* en la cual requirió a las partes a presentar un inventario de los bienes pertenecientes a las menores y la procedencia de los mismos, esto con la intervención del Ministerio Público.[3]

Luego de cumplir ambas partes con la orden del Tribunal, la Procuradora de Asuntos de Familia sometió el *Informe Fiscal*, a través del cual solicitó –entre otros– que se ordenase "la consignación en el Tribunal de todos los fondos existentes en una cuenta a nombre de cada menor." Además, la Procuradora de Asuntos de Familia pidió al Tribunal, a través del *Informe Fiscal Inicial Enmendado*, que emitiese "orden a las instituciones bancarias [de las cuentas en controversia] prohibiendo cualquier tipo de desembolso o retiro sin una orden judicial previa."[4] Adicional, la Procuradora de Asuntos de Familia presentó *Moción en Cumplimiento de Orden*, después de haber evaluado las posturas de las partes sobre sus *Informes* anteriores, en la cual pidió al Tribunal resolver "que los fondos habidos en las cuentas bancarias [del] Banco Popular son bienes pertenecientes a las menores y no a la comunidad post ganancial".[5]

Posteriormente, atendidas las posturas de las partes, y del Ministerio Público por conducto de la Procuradora de Asuntos de Familia, el Tribunal emitió la *Resolución* recurrida, en la cual declaró Ha Lugar la solicitud de la Procuradora de Relaciones de Familia, por lo cual, ordenó como medida cautelar "la consignación de todos los fondos que existen en las instituciones bancarias a nombre de las menores, en la Unidad de Cuentas del Tribunal."[6]

Inconforme, el 27 de enero de 2023, la peticionaria presentó una moción de reconsideración, la cual fue declarada No Ha Lugar por el TPI el 7 de marzo de 2023. Lo anterior, luego de evaluar las posturas y

---

[3] Apéndice del recurso, pág. 62.
[4] Apéndice del recurso, pág. 54.
[5] Apéndice del recurso, pág. 32.
[6] Apéndice del recurso, pág. 20.

escritos de las partes, relacionados con la solicitud de reconsideración.[7]

Aún inconforme, la peticionaria acude ante este Tribunal de Apelaciones y nos señala la comisión del siguiente error:

> **Señalamiento de error**: Erró el TPI al limitar la patria potestad de la madre/demandante sin que exista evidencia o alegación alguna de negligencia o ineptitud al administrar los fondos de las menores, ello contrario a las disposiciones normativas sobre el particular y al debido proceso de ley y no darle la administración de la totalidad de los fondos de las menores a la madre.

Prescindimos de la comparecencia de la parte recurrida, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[8]

## II

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a: *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

---

[7] Apéndice del recurso, pág. 1.

[8] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari.* En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari.* A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184

DPR 689, 709 (2012), que cita a: *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* de acuerdo con la Regla 52.1, este Tribunal no tiene que fundamentar su decisión.

**III**

En su escrito de *certiorari*, la peticionaria nos señala que incidió el foro primario al ordenar la consignación de los fondos de las cuentas de las menores en el Tribunal, limitándole de esta forma su derecho a ejercer la patria potestad sobre sus hijas menores de edad. Igualmente, señaló que erró el TPI al no permitirle "la administración de la totalidad de los fondos de las menores".[9] Ahora bien, luego de evaluar el expediente ante nuestra consideración, observamos que, el Tribunal de Primera Instancia como parte de su discreción en el manejo del caso, concedió una medida **cautelar** al ordenar a las partes consignar los fondos de las cuentas de las menores en la Unidad de Cuentas del Tribunal. Lo anterior, luego de acoger la sugerencia de la Procuradora de la Familia, en beneficio del mejor bienestar de las menores.

Por tratarse de un recurso de *certiorari* nos corresponde evaluar si el asunto ante nuestra consideración versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil. Ciertamente, el presente recurso recurso incide sobre una de las materias incluidas en la Regla 52.1, entiéndase, las relaciones de familia, por lo que tenemos jurisdicción bajo dicha disposición legal. No obstante, superada esta etapa debemos realizar la segunda parte del análisis, es decir, si conforme la discreción concedida a este Tribunal revisor mediante la

---

[9] Petición de *certiorari*, pág. 8.

Regla 40, debemos expedir el auto. Evaluada la *Resolución* recurrida, somos del criterio de que la misma trata de un incidente procesal relacionado con el manejo del caso. Por ello, damos deferencia al foro primario en su determinación. Además, no vemos que el TPI haya abusado de su discreción o que haya aplicado el Derecho de forma errada o actuado de manera arbitraria, con pasión, perjuicio o parcialidad.

Por lo todo lo anterior, en ausencia de alguno de los criterios contemplados en la Regla 40 del Reglamento del Tribunal de Apelaciones, no se justifica nuestra intervención en esta etapa del procedimiento, por lo que denegamos la expedición del recurso solicitado.

**IV**

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones